IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ARMANDO LEZA,

        Petitioner,

   v.

Case No. 5:17-cv-00101-FB

LORIE DAVIS, Director, Texas Department of
Criminal Justice, Correctional Institutions
Division,

(Death Penalty Habeas Corpus Case)

        Respondent.

## MOTION FOR DISCOVERY

Petitioner, Armando Leza, moves this Court for leave to conduct formal discovery in this matter. Pending before this Court is Leza's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody. *See* ECF No. 50. This Court should grant discovery to enable Leza to establish record evidence in support of his allegations, which when proven will entitle him to relief.

## I.    LEGAL STANDARDS GOVERNING DISCOVERY

### A.    Discovery in federal habeas corpus proceedings

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Under Rule 6 of the Rules Governing § 2254 Proceedings, a habeas petitioner is entitled to conduct discovery on a showing of "good cause." A petitioner establishes "good cause" when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)

(quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (Rule 6(a) incorporates the Court's directive that a federal habeas corpus petitioner is "'entitled to careful consideration and plenary processing of [his claims,] including full opportunity for presentation of the relevant facts.'")); *see also Blackledge v. Allison*, 431 U.S. 63, 82–83 (1977); Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Note to Rule 6 ("Subdivision (a) is consistent with *Harris v. Nelson*").

"[I]t is the duty of the court" to grant discovery "to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 909 (quoting *Harris*, 394 U.S. at 300). When considering a petitioner's discovery requests, a court must first decide whether petitioner has alleged the elements of a claim he wishes to prove, and then decide whether he has made "specific allegations" that support the particular request. If the petitioner has met these requirements establishing "good cause," the court should authorize discovery. *Id*.; *Murphy v. Johnson*, 205 F.3d 809, 813-14 (5th Cir. 2000); *see also Washington v. Davis*, 715 F. App'x 380, 385 (5th Cir. 2017), *as revised* (Feb. 20, 2018).

Because the purpose of post-conviction discovery "is to ensure that the facts underlying [habeas] claims are adequately developed," a court must allow discovery when "a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief." *Harris*, 394 U.S. at 291. A court may not deny a petitioner's discovery motion "if there is a sound basis for concluding that the requested discovery might allow him to demonstrate" his entitlement to relief. *Id.*; *East v. Scott*, 55 F.3d 996, 1001 (5th Cir. 1995) (although a "district court generally has discretion to grant or deny discovery requests under Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded, development of the material facts") (quoting Commentary to Habeas Rule 6),

*granting relief after discovery*, *East v. Johnson*, 123 F.3d 235 (5th Cir. 1997); *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995); *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996) (petitioner entitled to discovery of physical evidence to establish constitutional claims).

"Comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort." *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoting 28 U.S.C. § 2254(e)(2)). Leza has satisfied the burden of pleading facts which, if true, entitle him to relief, and he has produced evidence that corroborates his allegations. He now seeks an opportunity, his first, to develop his factual proffer in support of his claims.

**B.     Discovery is especially warranted in a capital case**

Capital cases in particular underscore the need for heightened procedural safeguards because the sentence is final and irreversible. *See e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 422 (1995) (The "duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case."); *Woodson v. North Carolina*, 428 U.S. 280, 301-05 (1976) (discussing need for heightened reliability in a capital proceedings); *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). The requirement of heightened reliability has been extended to all aspects of the proceedings leading to a death sentence, including habeas review. *See, e.g.*, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) ("[I]n capital cases, doubts as to whether a [certificate of appealability] should issue must be resolved in favor of the petitioner."); *Douglas v. Workman*, 560 F.3d 1156, 1194 (10th Cir. 2009) (applying a "heightened concern for fairness" in capital habeas review).

In fact, the capital petitioner who fails to request full discovery in his initial habeas petition may lose his life because he failed to investigate his case earlier. *Tucker v. Kemp*, 819 F.2d 978, 981 (11th Cir. 1987) (on eve of execution, court found abuse of the writ and denied relief where capital petitioner failed to seek discovery during first habeas proceeding). Particularly in light of

3

the constitutionally heightened procedural safeguards at issue here, Leza is entitled to discovery to prove his claims.

## II.     REQUESTS FOR DISCOVERY

### A.     Information within the exclusive possession of law enforcement agencies

Counsel for Leza has twice sought certain files of the San Antonio Police Department (SAPD) and San Antonio Sheriff's Office (SASO) through the Public Information Act and twice has been unsuccessful.  In light of the fact that *Brady* evidence was discovered in the prosecutor's file (*see* Claim Six of the Amended Petition), it is likely additional information is available through SAPD and SASO.

In support of his Amended Petition and claims of actual innocence, Leza requests the following evidence be turned over to him which he believes will support his claims of innocence.

A.  Any and all body camera footage, squad camera footage, recordings within the hallways and other areas of the San Antonio Police Department (SAPD) facilities (other than the interrogation rooms), and any other video or audio recordings from Leza's arrest on April 5, 2007 up to and including April 6, 2007.

B.  Any and all notes, police reports, incident reports, body camera footage, and other video or audio recordings, from the Narcotics Unit of the SAPD from January 1, 2005 through April 6, 2007 as it relates to Armando Leza, including surveillance or monitoring.

C.  Any and all notes, police reports, incident reports, body camera footage, and other video or audio recordings, from the Narcotics Unit of the Bexar County Sheriff's Department from January 1, 2005 through April 6, 2007 as it relates to Armando Leza, including any surveillance or monitoring.

In Claim Six, Leza alleged the State withheld material exculpatory and impeachment evidence that should have been turned over to the defense. *See* ECF No. 50 at 67; ECF No. 11. This material included notes taken by the State of a pre-plea interview with Delores Trevino in which she admitted to killing Jean Allen.  *Id.*  The above requested records are necessary to further support Leza's belief the State withheld material evidence, which if turned over, would have

undermined the State's case.  Any surveillance of Leza on the evening of Allen's death would have supported his defense theory that he came in after Trevino had already stabbed Allen.

Additionally, in Claim Two, Leza alleged the admission of his statements to the police were obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 36 (1966). ECF No. 50 at 40-49.  Any video footage or audio recordings from the SAPD on the night of Leza's arrest, other than the videos of Leza's interrogation that have been already turned over, directly support Leza's claim that he did not knowingly or voluntarily waive his *Mirada* rights.  Camera footage and/or audio recordings would have highlighted the effects of Leza's intoxication and sleep-deprivation on his ability to understand the information given to him by officers. Further, such evidence would show that the interrogation of Leza was much longer than admitted to by the police. Thus, to fully demonstrate the merits of Claims Two and Six, Leza requests this Court order the disclosure of the records requested above.

**CONCLUSION**

Leza "may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09. Accordingly, it is "the duty of the court to provide the necessary facilities for an adequate inquiry." *Id.* In light of the foregoing discussion, the Court should order discovery of the materials identified above.

Respectfully submitted this 24th day of August, 2020.

RENE VALLADARES
Federal Public Defender

*/s/ Brad D. Levenson*
BRAD D. LEVENSON
Assistant Federal Public Defender

*/s/ Katherine Tanaka*
KATHERINE TANAKA
Assistant Federal Public Defender
Attorneys for Armando Leza

**CERTIFICATE OF SERVICE**

In accordance with LR CV-5 of the Local Rules of Practice, the undersigned hereby certifies that on the 24th day of August, 2020, a true and correct copy of the foregoing MOTION FOR DISCOVERY was served by the United States District Court, CM/ECF electronic filing system to:

> Erich Dryden
> Assistant Attorney General
> Criminal Appeals Division
> Erich.Dryden@oag.texas.gov

> _/s/Sara Jelinek_
> An Employee of the
> Federal Public Defender
> District of Nevada