UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO LEZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. SA-17-CA-101-FB |
| | § | |
| BOBBY LUMPKIN, Director, | § | * DEATH PENALTY CASE * |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court is petitioner Armando Leza's Motion for Discovery (ECF No. 67) wherein he requests permission to conduct discovery to support two allegations raised in his amended petition for federal habeas corpus relief (ECF No. 50). Respondent Bobby Lumpkin opposes this request (ECF No. 70), and petitioner has filed a reply to this opposition (ECF No. 73). After carefully considering the pleadings submitted by both parties, the record, and the governing legal authorities, the Court concludes petitioner has not established good cause for granting his discovery request. His motion (ECF No. 67) is therefore denied for the reasons discussed below.

### I. Background

Petitioner was convicted of capital murder and sentenced to death in May 2009 for the robbery and murder of Caryl Allen. His conviction and sentence were affirmed on direct appeal, and his initial request for state habeas corpus relief was unsuccessful. In January 2018, petitioner filed his original federal petition for a writ of habeas corpus supported by 129 exhibits. (ECF Nos. 7-12). Because petitioner raised several grounds for relief that had not been litigated in his prior state court proceedings, this Court granted petitioner a stay of these proceedings to allow him to exhaust the

new allegations in state court. (ECF No. 34). Petitioner returned to state court and filed a subsequent state habeas application which was eventually dismissed by the Texas Court of Criminal Appeals as an abuse of the writ. Thereafter, petitioner returned to federal court and filed an amended petition for a writ of habeas corpus raising 24 separate allegations (not including subparts) supported by 9 additional exhibits. (ECF No. 50).

Petitioner now asks this Court to authorize discovery to help him "establish record evidence in support of his allegations." (ECF No. 67). Specifically, petitioner requests the following to support Claim 2 (alleging a *Miranda*[1] violation) and Claim 6 (alleging a *Brady*[2] violation) from his amended petition:

(1) Any and all body camera footage, squad camera footage, recordings within the hallways and other areas of the San Antonio Police Department (SAPD) facilities (other than the interrogation rooms), and any other video or audio recordings from [petitioner]'s arrest on April 5, 2007 up to and including April 6, 2007.

(2) Any and all notes, police reports, incident reports, body camera footage, and other video and audio recordings, from the Narcotics Unit of the SAPD from January 1, 2005 through April 6, 2007 as it relates to [petitioner], including surveillance or monitoring.

(3) Any and all notes, police reports, incident reports, body camera footage, and other video and audio recordings, from the Narcotics Unit of the Bexar County Sheriff's Department from January 1, 2005 through April 6, 2007 as it relates to [petitioner], including any surveillance or monitoring.

Respondent opposes the discovery request because the claims petitioner seeks to develop—Claim 6 and the majority of Claim 2—are procedurally barred from federal habeas relief. Respondent also contends the discovery request is overbroad, speculative, and would be used to support claims that are ultimately meritless.

---

[1]    *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]    *Brady v. Maryland*, 373 U.S. 83 (1963).

## II. Analysis

Rule 6(a) of the Rules Governing Section 2254 Proceedings provides that a party may conduct discovery if the judge, in the exercise of his discretion and for good cause shown, grants leave to do so. "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). But before authorizing discovery, the Court must first conclude that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotation marks omitted). In that regard, a petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Murphy*, 205 F.3d at 814. A district court need not allow "fishing expeditions" under Rule 6. *Murphy v. Davis*, 901 F.3d 578, 590 (5th Cir. 2018) (citing *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Petitioner does not establish good cause under Rule 6 to justify his discovery request. In his motion, petitioner requests any audio or video recordings captured by SAPD the day of his arrest other than the interrogation video already in evidence, and also asks for any notes, reports, or recordings relating to petitioner that were captured by either SAPD or the Bexar County Sheriff's Department during a period of over two years leading up to petitioner's arrest. This request is not only overbroad, but is also based upon pure speculation that such evidence exists. *Strickler v. Greene*, 527 U.S. 263, 286 (1999) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review.").

Even assuming the requested evidence does exist, petitioner does not demonstrate that granting such an expansive discovery request is warranted. Petitioner vaguely contends the evidence would further support both his *Brady* and *Miranda* claims. (ECF No. 67 at 4-5). But in a habeas

corpus case such as this, discovery must relate solely to a *specifically alleged factual dispute*, not to a general allegation. *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000). Petitioner has not sought discovery with respect to a specific factual allegation which would entitle him to relief, but has rather "cast a line in the hopes of hooking additional evidence which might support his claims." *Id*. Such fishing expeditions are not enough to warrant discovery. *Id*.; *Murphy*, 205 F.3d at 814 (citation omitted).

Furthermore, neither petitioner's *Brady* claim nor *Miranda* claim allege "a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. The majority of both allegations were raised for the first time in petitioner's subsequent state habeas application which was dismissed by the Texas Court of Criminal Appeals as an abuse of the writ. The state court's dismissal thus renders those claims procedurally barred from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). As a result, petitioner cannot show good cause for discovery—i.e., an ability to establish entitlement to federal habeas relief—because procedural impediments preclude this Court from considering the merits of those barred claims.[3] *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004) (unpublished); *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999).

Finally, to the extent petitioner's allegations (or subparts) are not procedurally barred, petitioner still would not be entitled to the requested evidence. The evidence requested by petitioner obviously was not part of the state court record when he filed his subsequent state habeas

---

[3] In his reply, petitioner contends discovery should be granted to allow him to develop evidence that would support an excuse for the procedural default. (ECF No. 73 at 4). Indeed, a procedural default may be overcome with a showing of cause for the default and actual prejudice arising from the default, or with a demonstration that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. But petitioner has provided no persuasive support for his assertion that discovery is available to make such a showing. *See Segundo v. Davis*, 831 F.3d 345, 351 (5th Cir. 2016) (finding no affirmative right to additional fact-finding to establish cause and prejudice under the equitable exception created in *Martinez v. Ryan*, 566 U.S. 1 (2012)).

application.  Because this evidence was not available to the state court during habeas review, it would not be properly presented for consideration on federal habeas review in this Court.  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) (explaining that federal review "is limited to the record that was before the state court."); *Shore v. Davis*, 845 F.3d 627, 632 (5th Cir. 2017) (per curiam).  As such, discovery of such evidence is unwarranted.

### III.  Conclusion

In order to be entitled to discovery, a petitioner must establish that the "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09.  Petitioner has not made this showing, nor established good cause for granting his expansive discovery request.  As the record is more than sufficient to adjudicate the issues in this case, it is therefore **ORDERED** that the Motion for Discovery filed by petitioner on August 24, 2020 (ECF No. 67) is **DENIED**.

It is so ORDERED.

SIGNED this 26th day of February, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE